**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0585-23

BOONTON MOSQUE & ISLAMIC
LEARNING CENTER INC.,

     Plaintiff-Respondent,

v.

AMERICAN MUSLIM
ASSOCIATION INC.,

     Defendant/Third-Party
     Plaintiff-Appellant,

v.

MUHAMMAD ISLAM,
MOHAMMAD REHMAN,
SHAFI ULLAH, EJAZ KHAN AND
SHARIF AMANAT,

     Third-Party Defendants-
     Respondents.

_____

Argued January 28, 2025 – Decided February 14, 2025

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1567-22.

James M. Turteltaub argued the cause for appellant (Agha & Agha LLP, attorneys; Saif M. Agha, James M. Turteltaub and Linda A. Turteltaub, of counsel and on the brief).

Catherine P. O'Hern argued the cause for respondents (Schenck Price Smith & King, LLP, attorneys; Michael K. Mullen, of counsel; Catherine P. O'Hern, on the brief).

PER CURIAM

Defendant and third-party plaintiff, American Muslim Association, Inc. ("AMA") appeals the October 23, 2023 order denying its motion for reconsideration and granting plaintiff Boonton Mosque & Islamic Learning Center, Inc.'s ("BMILC"), cross-motion for reconsideration of an August 24, 2023 order dismissing its complaint against third-party defendants with prejudice for not proving damages from the purchase of a property, and ordering BMILC to pay $60,398 for its share of the improvement costs of the property. We affirm.

The subject property is a mosque located in Boonton. AMA is a New Jersey non-profit founded in July 2010 by two individuals, Dr. Feroz Patka and Dr. Sharif Amanat. In November 2010, Dr. Patka transferred his fifty percent share of the property to AMA as a sole contribution. Between 2018 and 2019,

Dr. Amanat had discussed the possibility of selling his fifty percent share of the property to AMA.

In 2019, BMILC, another non-profit, was formed by the four third-party defendants ("TPDs"): Mohammad Islam, Mohammad Rehman, Shafi Ullah, and Ejaz Khan. The TPD's were on the AMA board of directors, and they formed BMILC without the knowledge of the rest of the AMA board. Shortly after its formation, BMILC purchased the fifty percent share of the property from Dr. Amanat for $250,000. The TPD's remained as directors and trustees of both BMILC and AMA until their resignation from AMA a few months later.

When AMA and BMILC disagreed on how to run the mosque, BMILC sought the court's intervention by filing an order to show cause and a verified complaint in January 2020. The court granted BMILC's request for a preliminary injunction and entered an order requiring the parties to rotate the use of the mosque prayer space on a weekly schedule. After the two congregations continued to disagree, the court ordered a sale of the property in May 2022. AMA's final bid of $1,500,055.50 for BMILC's shares was the highest bid.

The transfer of BMILC's ownership share to AMA was funded by a personal donation from Waseem Chaudhary, a member of AMA and President

3

of Akbar Mosque. Chaudhary's donation specifically funded AMA's purchase of BMILC's share of the property, and Chaudhary agreed to donate whatever amount AMA needed to secure the highest bid and acquire the entire property. The same day AMA obtained its share of the BMILC property, it transferred the entire property to Akbar Mosque for $10.

On August 24, 2023, the trial court found that the TPDs breached their fiduciary duty to AMA. However, the trial court determined AMA had failed to establish damages by a preponderance of the evidence. In holding AMA failed to establish damages, the trial court relied upon the absence of any evidence to show the donation by Chaudhary was ever deposited into AMA's bank account or ever expended from AMA's bank account. The trial court entered an order awarding judgment for AMA in the amount of $33,925.61 for BMILC's share of building expenses. The trial court also entered a judgment for AMA against BMILC in the amount of $60,398, representing half the cost of renovations performed beginning in 2019.

On October 6, 2023, the trial court denied AMA's motion for reconsideration and granted BMILC's cross-motion for reconsideration and vacated the judgment of $60,398.

A-0585-23

As a threshold matter, we note plaintiff's notice of appeal states it is appealing from the court's October 6, 2023 order. "[I]t is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2024); see 1266 Apt. Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004); Fusco v. Newark Bd. of Educ., 349 N.J. Super. 455, 461-62 (App. Div. 2002). "Consequently, if the notice designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1)(2024). Generally, "earlier orders . . . not included in [appellants'] notice of appeal . . . are not within the scope of [the] appeal." 30 River Ct. E. Urb. Renewal Co. v. Capograsso, 383 N.J. Super. 470, 473-74 (App. Div. 2006). It follows that we need not address the merits of the August 24, 2023, order of judgment. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) (stating "[i]t is clear that it is only the orders designated in the notice of appeal that are subject to the appeal process and review.").

As for the motion for reconsideration, we have determined:

> Reconsideration itself is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice[.]" It is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion, but should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (citations omitted).]

A party is not permitted to use a motion for reconsideration as a basis for presenting facts or arguments that could have been provided in opposition to the original motion. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).

We will not disturb a trial judge's denial of a motion for reconsideration under Rule 4:49-2 absent a clear abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020); Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022). "[An] abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super.

6

184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). We discern no abuse of discretion here.

AMA failed to meet its burden under Rule 4:49-2. AMA did not proffer a controlling decision which the trial court overlooked or as to which it has erred, and further failed to present any evidence that the judge failed to appreciate or consider. Neither AMA's motion nor its appeal presents any new evidence for the court to consider that would establish damages against the TPDs. The trial court's denial of AMA's motion for reconsideration was well reasoned and supported by the facts in the record. The court considered all relevant facts and precedent case law.

AMA also posits that the court should not have granted BMILC's cross-motion for reconsideration regarding the renovation costs in the amount of $60,398. Here, the court acknowledged its misunderstanding that the renovations occurred during the period from 2019 to 2022 when BMILC was a co-owner of the building with AMA. On reconsideration, the court realized the renovations occurred in 2016, prior to BMILC's existence. The court properly determined the assignment of claim entered into evidence was not a sufficient basis to hold BMILC liable for any renovation costs performed three years before its property ownership and BMILC had no notice, as the buyer of the

property, it would be obligated to pay for repairs and costs which occurred prior to its ownership. We conclude BMILC's cross motion for reconsideration was properly granted based on the court's acknowledgment of its error in the date of the renovations.

To the extent we have not specifically addressed any of defendants' remaining arguments, we deem them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                          A-0585-23